IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JODETTE MESSA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-12-0484 |
| CITIMORTGAGE, INC.; HUGHES, | § | |
| WATTERS & ASKANASE, L.L.P.; | § | |
| and FEDERAL HOME LOAN | § | |
| MORTGAGE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendants CitiMortgage, Inc. ("Citi") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants") removed this action from the 55th Judicial District Court of Harris County, Texas.[1] Jurisdiction is based on 12 U.S.C. § 1452(f) and 28 U.S.C. § 1367(a).[2] Pending before the court is Defendants' Motion for Final Summary Judgment and Brief in Support ("Defendants' Motion for Summary Judgment") (Docket Entry No. 18).

---

[1] Defendant Hughes, Watters & Askanase, L.L.P. ("HWA") consented to the removal. (Defendant HWA's Consent to Removal, Docket Entry No. 4) The court dismissed all claims against HWA without prejudice on September 18, 2012. (Order on Stipulation of Dismissal, Docket Entry No. 17)

[2] Notice of Removal, Docket Entry No. 1, ¶ 11. Section 1452(f) provides that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions." The court exercises supplemental jurisdiction over all other claims in this action pursuant to § 1367(a).

Having reviewed the arguments, summary judgment evidence, and relevant law, the court is persuaded that the motion should be granted.

## I. **Background**

In May of 2002 plaintiff Jodette Messa took out a mortgage to finance the purchase of a home in Houston, Texas.[3] Citi serviced the loan.[4] Messa alleges that after defaulting on her obligations to Citi she sought a loan modification pursuant to the federal government's Home Affordable Mortgage Program ("HAMP").[5] Messa alleges that under the Freddie Mac Single-Family Seller/Servicer Guide (the "Guide") and the Making Home Affordable Handbook (the "Handbook") Citi was also required to offer various other options prior to foreclosure, including standard modification and the alternatives described in the federal government's Home Affordable Foreclosure Alternatives ("HAFA") program.[6] Messa alleges that

---

[3]Plaintiff's First Amended Petition and Applications for Temporary Restraining Order and Temporary Injunction ("Amended Petition"), Ex. B.3 to Notice of Removal, Docket Entry No. 1-4, ¶ 10; Defendants' Motion for Summary Judgment, Docket Entry No. 18, p. 4. Messa executed a note, see Note, Ex. A.1 to Defendants' Motion for Summary Judgment, Docket Entry No. 18-3, and a deed of trust, see Deed of Trust, Ex. A.2 to Defendants' Motion for Summary Judgment, Docket Entry No. 18-4, to secure the financing.

[4]Amended Petition, Ex. B.3 to Notice of Removal, Docket Entry No. 1-4, ¶ 3; Defendants' Motion for Summary Judgment, Docket Entry No. 18, p. 2.

[5]Amended Petition, Ex. B.3 to Notice of Removal, Docket Entry No. 1-4, ¶ 20.

[6]Id. ¶ 23.

Citi ultimately presented her with only one default-curing option: payment of the full amount owed.[7] Messa's default was never cured, and Freddie Mac purchased the home at a foreclosure sale on November 1, 2011.[8]

Messa filed her Amended Petition on January 1, 2012, asserting causes of action for breach of contract and violations of the Texas Finance Code.[9] In the breach of contract claim Messa alleges that the parties' contract -- i.e., the Deed of Trust -- required Citi to provide a notice of default, specific actions that Messa could take to cure the default, and at least 30 days to allow Messa to complete those actions.[10] Messa alleges that Citi breached those terms by failing to give her the opportunity to pursue options under either the Guide or the Handbook and by foreclosing during the pendency of her HAMP application.[11]

Messa brings claims under three separate provisions of the Texas Finance Code. Messa alleges that Citi violated TEX. FIN. CODE

---

[7]Id. ¶ 22.

[8]Substitute Trustee's Deed, Ex. C to Defendants' Motion for Summary Judgment, Docket Entry No. 18-8.

[9]Amended Petition, Ex. B.3 to Notice of Removal, Docket Entry No. 1-4, ¶¶ 25-34. Messa also asserts defenses to acceleration and sale, seeks the equitable remedy of quiet title, and requests a declaratory judgment to set aside the acceleration and sale. Id. ¶¶ 35-44.

[10]Id. ¶ 28.

[11]Id.

§ 392.301(a)(8), which prohibits a debt collector from threatening to take an action prohibited by law, by threatening to take action to foreclose on the home in contravention of the terms of the Deed of Trust and the Handbook.[12] Messa further alleges that Citi misrepresented the character, extent, and amount of the debt in violation of TEX. FIN. CODE § 392.304(a)(8) and employed false representations or deceptive means to collect a debt in violation of TEX. FIN. CODE § 392.304(a)(19).[13]

Defendants filed their motion for summary judgment on October 12, 2012, arguing that as a matter of law any alleged breaches of the Guide, the Handbook, or the federal HAMP and HAFA programs may not form the basis of either a breach of contract or Texas Finance Code action.[14] As to Messa's Texas Finance Code claims, Defendants argue that there is no evidence that Citi ever threatened to take an action prohibited by law or that Citi misrepresented the debt in any way.[15] Messa responded, contending that genuine issues of material fact preclude a grant of summary judgment.[16]

---

[12] Id. ¶ 31.

[13] Id. ¶ 33.

[14] Defendants' Motion for Summary Judgment, Docket Entry No. 18, pp. 7-10.

[15] Id. at 10-11.

[16] Plaintiff's Response to Defendant's Motion for Summary Judgment ("Messa's Response"), Docket Entry No. 19, pp. 4-10.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." Lincoln Gen. Ins. Co. v. Reyna, 401 F.3d 347, 349 (5th Cir. 2005). Where, as here, the nonmoving party bears the burden of proof at trial, the moving party may satisfy its burden by "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2554 (1986). Rule 56 does not require the movant to negate the elements of the nonmovant's case. Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

Once the movant has carried this burden, the nonmovant must show that specific facts exist over which there is a genuine issue for trial. Reyna, 401 F.3d at 349 (citing Celotex, 106 S. Ct. at 2553-54). The nonmovant may not rest upon mere allegations in the pleadings to make such a showing. Reyna, 401 F.3d at 350. To create a genuine fact issue, more than some "metaphysical doubt as to the material facts" is required. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

The parties may support the existence or nonexistence of a genuine fact issue by either (1) citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, admissions, and interrogatory answers, or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)-(B). In reviewing this evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000).

### III. Analysis

As plaintiff, Messa bears the burden of proof on her claims. To carry their summary judgment burden Defendants must therefore show that there is an absence of evidence to support those claims. See Celotex, 106 S. Ct. at 2554.

#### A. Breach of Contract

To prevail on a breach of contract claim the plaintiff must prove that (1) a valid contract exists; (2) the plaintiff fully performed her obligations; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. Hovorka v. Community Health Sys., Inc., 262 S.W.3d 503, 508-09 (Tex. App. -- El Paso 2008, no pet.). Messa alleges that Citi

breached the Deed of Trust in two ways: (1) Citi foreclosed without offering either a standard modification pursuant to the Guide or a HAFA alternative pursuant to the Handbook; and (2) Citi foreclosed while "supposedly evaluating her for a HAMP modification."[17] Defendants argue that there is no evidence that such conduct constitutes a breach of the Deed of Trust.[18]

The Deed of Trust provides in relevant part:

> **Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.**[19]

Defendants have provided competent summary judgment evidence that on July 29, 2011, Citi sent a notice to Messa to inform her that the loan was in default.[20] The Notice of Default stated that, to cure the default, Messa was required to pay the full amount past

---

[17]Amended Petition, Ex. B.3 to Notice of Removal, Docket Entry No. 1-4, ¶¶ 27-28.

[18]Defendants' Motion for Summary Judgment, Docket Entry No. 18, pp. 7-10.

[19]Deed of Trust, Ex. A.2 to Defendants' Motion for Summary Judgment, Docket Entry No. 18-4, ¶ 22.

[20]Letter from Collection Department, CitiMortgage, Inc. to Jodette Messa ("Notice of Default"), Ex. A.3 to Defendants' Motion for Summary Judgment, Docket Entry No. 18-5.

due, plus delinquency related expenses, by September 1, 2011.[21] The notice stated that failure to cure the default would result in acceleration of the loan and sale of the property.[22] Messa does not dispute receipt of this notice, nor does she dispute its contents. Citi therefore complied with the relevant terms of the Deed of Trust.

Messa has presented no evidence to support her allegation that Citi breached the Deed of Trust by failing to comply with the Guide or the Handbook. No obligation to offer a standard modification or a HAFA alternative existed within the Deed of Trust. Moreover, Messa is neither a party nor a third-party beneficiary to any contract that includes the Guide or the Handbook as terms. Similarly, Messa has presented no evidence to support her allegation that Citi was in breach when it foreclosed on the home during the pendency of the application for HAMP modification. Messa has presented evidence that Citi did allow her to pursue such a modification,[23] and argues that Citi was required to provide her "with at least 30 days to take advantage of [that] option" prior to foreclosing.[24] But nothing in the Deed of Trust creates such an

---

[21] Id.

[22] Id.

[23] Affidavit in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment, Ex. A to Messa's Response, Docket Entry No. 19-1, ¶ 3.

[24] Messa's Response, Docket Entry No. 19, p. 8.

obligation -- the 30-day term in the Deed of Trust applies to "the action required to cure the default." The Notice of Default clearly provides that the only action required to cure the default was the payment of the outstanding amount owed. Messa has provided no evidence that Citi informed her that pursuing the HAMP modification would cure the default. The court therefore concludes that Defendants have satisfied their burden to point out the absence of evidence to support Messa's breach of contract claim, and that Messa has failed to identify specific facts over which there is a genuine issue for trial.

**B.    Texas Finance Code**

Messa asserts claims against Citi for violations of TEX. FIN. CODE §§ 392.301(a)(8) (threatening to take an action prohibited by law), 392.304(a)(8) (misrepresenting the character, extent, or amount of a consumer debt), and 392.304(a)(19) (using false representations or deceptive means to collect a consumer debt).[25] In support of her claim under § 392.301(a)(8) Messa alleges that Citi threatened to foreclose -- and did in fact foreclose -- without properly considering her for HAMP modification or other options pursuant to the Handbook.[26] The court has already concluded that the Deed of Trust did not obligate Citi to consider Messa for

---

[25]Amended Petition, Ex. B.3 to Notice of Removal, Docket Entry No. 1-4, ¶¶ 30-33.

[26]Id. ¶ 31; Messa's Response, Docket Entry No. 19, p. 9.

a HAMP modification or any of the other Handbook options.  Failure to consider Messa for those programs therefore would not have rendered a foreclosure action illegal.  Furthermore, Messa does not argue that the Handbook or the HAMP guidelines constitute governing law such that a violation thereof would be actionable under § 392.301(a)(8).

In support of her claim under § 392.304(a)(8) Messa alleges in the Amended Petition that Citi refused to account for the total amounts due.[27]  Defendants argue that any evidence of such a refusal -- or how such a refusal could constitute a misrepresentation under § 392.304(a)(8) -- is absent from the summary judgment record.[28]  Messa provides no evidence in support of this claim in her response.  Messa argues that a fact issue exists as to her claim under § 392.304(a)(19), however, because "Citi represented to Plaintiff that she could still submit her HAMP application and be approved, when they had no intention to stay good on that word."[29]  This argument has no merit.  Messa provides no evidence in support of the allegation that this representation was either false or deceptive.  Moreover, Messa has not cited any authority to show that such a representation, if true, would constitute a violation

---

[27] Amended Petition, Ex. B.3 to Notice of Removal, Docket Entry No. 1-4, ¶ 33.

[28] Defendants' Motion for Summary Judgment, Docket Entry No. 18, p. 11.

[29] Messa's Response, Docket Entry No. 19, p. 9.

of § 392.304(a)(19). See Thomas v. EMC Mortgage Corp., 499 F. App'x 337, 343 (5th Cir. 2012) (finding that a "failure to modify [a] loan as promised" did not create a genuine issue of material fact as to a claim under § 392.304(a)(19)). The court therefore concludes that there are no genuine issues of material fact as to the Texas Finance Code claims.[30]

## IV. Conclusion and Order

Defendants have shown that there is an absence of evidence to support Messa's causes of action for violations of the Texas Finance Code and breach of contract. No genuine issues of material fact exist in this case. The court therefore concludes that, even when drawing all reasonable inferences in favor of Messa, Defendants are entitled to judgment as a matter of law on all claims. Accordingly, Defendants' Motion for Final Summary Judgment (Docket Entry No. 18) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 22nd day of May, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[30]Because the court has concluded that no genuine issue of material fact exists as to the breach of contract and Texas Finance Code claims, no basis remains for the equitable and declaratory relief requested in the Amended Petition. Defendants are therefore entitled to summary judgment on the quiet title and declaratory judgment actions.